Joseph A. L. Errigo and John M. Bader, Wilmington, Del., for plaintiff.

Joseph Donald Craven, Wilmington, Del., and Abraham E. Freedman, of Freedman, Landy and Lorry, Philadelphia, Pa., for defendant.

LEAHY, Chief Judge.

The question for decision arises on a motion by plaintiff to remand this case to the Delaware Court of Chancery on the ground the district court is without jurisdiction to hear and determine the cause. The complaint in the Delaware proceeding seeks an injunction and damages from defendants for allegedly interfering with the plaintiff's performance of its contract, as a sub-contractor, on a building project near Wilmington, Delaware. The interference charged is the picketing conducted by defendants on the project which makes it impossible for plaintiff, a union shop, to perform its contract since its employees refuse to cross the picket line. Admittedly, defendants are not picketing because of any unfair action by plaintiff.

**CORRADO BROS., Inc. v. BUILDING & CONSTRUCTION TRADES COUNCIL OF DELAWARE et al.**

Civ. A. No. 1418.

United States District Court
D. Delaware.

Dec. 10, 1951.

1. The contention of plaintiff for remand of the case after defendants' attempt at removal is: there is no federal jurisdiction since there is no diversity and no federal question is posed in either the Delaware Chancery complaint or in the defendants" petition for removal, here. Defendants oppose the motion to remand on the ground the matter raised in the plaintiff's Chancery complaint is exclusively within the province of federal jurisdiction, i. e., the construction of the business mart calls for the transportation of materials which are in interstate commerce, i. e., the federal power over interstate commerce controls.

2. At argument counsel for defendants claimed the Delaware Court had no jurisdiction to decide the issues presented by the complaint filed there. The fact is defendants' counsel has solicitously suggested plaintiff's remedy is to appear before the National Labor Relations Board and if the decision of the NLRB does not make plaintiff happy to apply for review of the NLRB ruling to our Court of Appeals.[1] If this mode of proceeding should occur, I would be by-passed.

3. Clearly, if plaintiff came into this court initially there is much doubt on jurisdiction to grant the relief plaintiff desires because of the prohibitions of the Norris-La Guardia Act, 29 U.S.C.A. § 101 et seq., and the Taft-Hartley Act, 29 U.S.C.A. § 141 et seq. If I do not have jurisdiction initially, I cannot see how the removal statute confers jurisdiction upon me, nor have counsel shown such jurisdictional right. I conclude—to retain jurisdiction of the matter is to circumvent the legislative mandate in the labor field since, if defendants are correct, the relief sought by plaintiff might be sought before the NLRB. The fallacy of defendants' position is (1) on the one hand they ask me to take jurisdiction here, yet (2) they argue in effect a Federal District Court has no jurisdiction if plaintiff brings its action in the first instance before me.

4. If it be correct, as defendants have asserted, the State Courts do not have jurisdiction of plaintiff's complaint, defendants then, I think, should raise their objection by a motion to dismiss the Chancery action. It will not be assumed the Delaware Chancellor will close his eyes to the argument his court has no jurisdiction in this case.

The motion of plaintiff to remand this cause to the Court of Chancery of the State of Delaware is granted.

An order may be submitted.

---

[1] In fact, on October 24, 1951, plaintiff filed a charge against defendants as a labor organization with the National Labor Relations Board. That charge stated defendants were engaged in an unfair labor practice within the meaning of § 8(b) of the Act and that these unfair labor practices affected commerce within the meaning of the statute. Thereafter, it appears, an investigation was undertaken by the NLRB and it was concluded that the picket line was legal and, therefore, there was no basis for an unfair labor charge; it likewise appears when this conclusion of the NLRB was informally communicated to plaintiff, it then voluntarily withdrew its petition from the jurisdiction of the NLRB. It was then plaintiff instituted its action in the Delaware Chancery Court.